IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GEORGE M. GUTIERREZ,**

      **Plaintiff,**

vs.                                           **No. CIV-10-544 RB/WDS**

**SAN JUAN COUNTY JAIL FACILITY, et al.,**

      **Defendants.**

**ORDER DENYING MOTION FOR APPOINTMENT
OF COUNSEL**

THIS MATTER comes before the court on Plaintiff's Motion For the Appointment of Counsel. (Doc. 14). 28 U.S.C. §1915(e)(1) provides that the court may request an attorney to represent any person unable to afford counsel. The Court has broad discretion to appoint counsel for indigents under 28 U.S.C. § 1915(e), and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights. *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991). In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims. *Id*.

At this point the Court sees no basis for the appointment of counsel; however, the Court has not received a *Martinez* report in this matter. Once a *Martinez* report is received, the Court will be in a position to more thoroughly evaluate the various factors identified in *Long*, and come to a conclusion regarding appointment of counsel under 28 U.S.C. §1915(e)(1). Accordingly, the Court orders Plaintiff's Motion For Appointment of Counsel (Doc. 15) denied without prejudice. Once a *Martinez* report has been filed by the Defendants, Plaintiff may renew his motion for appointment

of counsel.

**IT IS SO ORDERED.**

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**