IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GEORGE GUTIERREZ,

    Plaintiff,

  v.                                                                                          No. CIV 10-0544 RB/WDS

SAN JUAN COUNTY JAIL FACILITY,
KEITH JOHNS, TOM HAVEL, ET AL.,
FNU SWANSON,
LT. CALHOUN,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's original and amended/supplemental civil rights complaints (Docs. 1, 7, 10, 13) (together the "complaint"). Plaintiff was incarcerated when he filed his complaint, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Among Plaintiff's numerous allegations, he primarily asserts that he has been denied access to a law library. As a result, and because he is dissatisfied with his attorney's representation, Plaintiff has allegedly been unable to adequately prepare a defense in his state criminal proceedings. Plaintiff further alleges he has been placed in protective segregation, his grievances have not been answered, officers allow certain inmates to extort others, he has been subjected to malicious prosecution and denied his right to a speedy trial, and an officer intercepted and returned a legal dictionary without delivering it to Plaintiff. Plaintiff contends that Defendants' actions have violated a number of his constitutional protections. The complaint seeks damages and equitable relief, including release from custody.

No relief is available on Plaintiff's primary allegation of denial of access to a law library. Even assuming the truth of this allegation for purposes of this opinion, Plaintiff's § 1983 action may not be based on a claim of an "abstract, free-standing right to a law library." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). He does not allege that officials have actively interfered with his attempts to prepare and file legal documents, *see id.* at 350, and he is represented by counsel in the state criminal proceeding. Any prejudice to Plaintiff was thus caused by his attorney's allegedly inadequate representation, and can be redressed in habeas corpus or state tort law. *See Goetz v. Windsor Cent. Sch. Dist.*, 593 F. Supp. 526, 528 (N.D.N.Y. 1984), *quoted with approval in Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005). Plaintiff therefore does not allege "relevant actual injury," *id.* at 351, under § 1983 resulting from lack of access to a library. This claim will be dismissed with prejudice. *Cf. Styskal v. Weld County Bd. of County Comm'rs*, 365 F.3d 855, 859

(10th Cir. 2004) (rejecting assertion that federal court's dismissal with prejudice precludes adjudication of state law claims in state court).

Plaintiff's allegations of placement in protective segregation, denial of grievances, and allowing extortion do not support § 1983 claims. "Classification of the plaintiff into administrative segregation does not involve deprivation of a liberty interest independently protected by the Due Process Clause." *Bailey v. Shillinger*, 828 F.2d 651, 652 (10th Cir. 1987). Here, as described in an earlier case by the Court of Appeals for the Tenth Circuit, "Plaintiff had 'not allege[d] facts that amount to an atypical and significant hardship,' and had not shown 'that the length of [his] confinement inevitably will be affected by his placement in segregation.' " *Scott v. Crowley County Corr. Facility*, 76 F. App'x 878, 881 (10th Cir. 2003) (citing *Sandin v. Conner*, 515 U.S. 472 (1995)). Furthermore, a claim of inadequate grievance procedures does not implicate an inmate's liberty interests. *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000). And as to the extortion claim, Plaintiff alleges only that other inmates have been subjected to this conduct. *See Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) (noting rule that Plaintiff must assert his own claims). These claims will be dismissed.

No relief is available under § 1983 at this time on Plaintiff's allegations of malicious prosecution and denial of a speedy trial. These claims arising from the state prosecution of criminal charges call Plaintiff's conviction in question and are thus barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* rule applies to these claims even if they arose prior to Plaintiff's conviction. *See Cohen v. Clemens*, 321 F. App'x 739, 742 (10th Cir. 2009) (citing *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996) (applying *Heck* to a § 1983 claim challenging the coercive nature of a pretrial detainee's confinement). These claims will be dismissed. *But see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then

bring § 1983 action).

Last, no relief is available on Plaintiff's allegation that an officer intercepted from the prison mail and returned "a legal dictionary somebody sent me." The Constitution is not offended by restrictions "which permitted inmates to receive hardback books from outside the institution only if they were mailed directly from the publisher, a bookstore or a book club, i.e., a 'publisher-only rule.' " *Jones v. Salt Lake County*, 503 F.3d 1147, 1157-58 (10th Cir. 2007) (citing *Bell v. Wolfish* 441 U.S. 520, 549-50 (1979)). Plaintiff does not allege that the dictionary came from a publisher, and this claim will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's malicious prosecution and speedy trial claims are DISMISSED without prejudice, otherwise the complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE